IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,
as subrogee of Michael Short,

      Plaintiff,

v.                                  Case No.: 3:13-cv-12668

BUNN-O-MATIC CORPORATION,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Sanctions, (ECF No. 11). Plaintiff filed a response, (ECF No. 16), and Defendant replied. (ECF No. 19). On March 24, 2014, the undersigned conducted a hearing on the motion at which the parties appeared by counsel.

Defendant requests an order from the Court pursuant to Federal Rule of Civil Procedure 37(d) prohibiting Plaintiff from introducing any evidentiary materials at trial that were not produced prior to January 31, 2014, and for an award of attorney's fees and costs incurred as a result of Plaintiff's failure to properly serve Rule 26 disclosures and responses to discovery requests. Defendant argues that Plaintiff's initial disclosures—which were due on August 19, 2013—were not served until March 20, 2014, and its responses to Defendant's discovery requests—which were due on January 31, 2014—were not served until March 21, 2014. As a result of Plaintiff's wilful failures to comply with the Federal Rules of Civil Procedure and the scheduling orders of this Court, Defendant

1

claims to have been prejudiced in completing discovery.

In response, Plaintiff admits that it did not comply with the deadline for filing initial disclosures, and it did not timely respond to written discovery requests. Plaintiff offers lackluster explanations for its failures, but contends that the case is simple and argues that it informally provided Defendant with all of the relevant materials months ago. Plaintiff confirms that it has now supplied the disclosures and discovery responses, and states that the only new piece of information given to Defendant with the disclosures and responses was a copy of the applicable insurance policy. Therefore, Plaintiff asserts that Defendant has not been prejudiced by the delays.

Notwithstanding Plaintiff's representations, an informal exchange of information is plainly insufficient to meet a party's obligations under the federal discovery rules. Here, Plaintiff did not serve answers to interrogatories and requests for production of documents until one business day before the hearing on Defendant's motion for sanctions, months after the answers were originally due and just two weeks before the close of discovery. Therefore, Defendant has stated a basis for an award of sanctions under Federal Rule of Civil Procedure 37(d)(1). Although not directly relevant to a motion under Rule 37(d)(1), Plaintiff was even more dilatory in serving its Rule 26(a)(1) initial disclosures, not supplying them until seven (7) months after the deadline ordered by the Court.

Under Federal Rule of Civil Procedure 37(d)(3), the Court has the option of awarding any of the sanctions set forth in Rule 37(b)(2)(A)(i)-(vi) and **must** "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Prior to

imposing sanctions, the undersigned must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the need to deter the particular sort of noncompliance; and (4) the efficacy of less drastic sanctions. *Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 986, 122 S.Ct. 1537, 152 L.Ed.2d 465 (2002). Considering the first factor, there does not appear to be bad faith in this case. Indeed, most of the relevant information apparently was provided to Defendant without the need for formal discovery requests, and Plaintiff has previously offered to make the product at issue available for inspection and its expert available for deposition. In regard to the second factor, Defendant has been impeded in its ability to complete discovery, but after discussing what tasks remain undone, the undersigned finds that the prejudice to Defendant can be cured by a short extension of the discovery deadline. Looking at the third factor, certainly some sanction should be imposed to deter future noncompliance and similar misbehavior, but the sanction need not be as drastic as prohibiting the introduction of evidence. Assuming the veracity of Plaintiff's statement that it has now produced all of the discoverable information in its possession, save for the deposition testimony to be obtained by Defendant, then Plaintiff's failure to fulfill its discovery obligations can be appropriately sanctioned by the imposition of reasonable fees and costs incurred by Defendant in bringing its motion. However, this ruling shall not be interpreted to foreclose Defendant from bringing a separate motion under Rule 37(c), for example, if it subsequently finds that Plaintiff has withheld documents or witnesses that should have been disclosed.

Accordingly, the Court **ORDERS** as follows:

3

1. Defendant's Motion for Sanctions is **GRANTED**, in part, and **DENIED**, in part. Defendant's request that Plaintiff be prohibited from introducing any evidentiary materials at trial that were not produced prior to January 31, 2014 is denied. On the other hand, Defendant's motion for an award of attorney's fees and costs incurred as a result of Plaintiff's failure to properly serve Rule 26 disclosures and responses to discovery requests is granted. Defendant shall have **fourteen (14) days** in which to provide the Court with an affidavit itemizing the fees and expenses incurred in preparing the motion for sanctions, as well as any argument addressing the reasonableness of the requested award considering the factors contained in *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Plaintiff shall have **fourteen (14) days** thereafter to file a response in opposition to the Defendant's affidavit and argument.

2. Defendant has requested a short extension of time in which to complete depositions of fact witnesses, as well as of Mr. Casto, Plaintiff's expert witness. After conferring with Judge Chambers, the undersigned is authorized to **GRANT** the parties' oral motion for a continuance of the discovery deadline through and including **April 18, 2014**.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** March 24, 2014

_____
Cheryl A. Eifert
United States Magistrate Judge

4