IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,**
as subrogee of Michael Short,

      **Plaintiff,**

v.                                                  **Case No.: 3:13-cv-12668**

**BUNN-O-MATIC CORPORATION,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

On March 24, 2014, Defendant's motion for an award of attorney's fee and costs incurred in bringing a motion for sanctions was granted. (ECF No. 21). Defendant has now filed an affidavit itemizing the amount of fees and costs sought, along with supporting documentation. (ECF No. 24). Plaintiff was given fourteen days to respond to Defendant's itemization, and that period has expired without Plaintiff asserting any objection to the amount of fees and costs requested.

Having considered Defendant's affidavit and supporting documentation, the undersigned finds that the fees and costs requested by Defendant are reasonable and appropriate. Accordingly, it is hereby **ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff, or its attorney, shall pay Defendant, or its attorney, reasonable attorney's fees and costs in the amount of **Two Thousand One Hundred Thirty Eight Dollars and Twenty Four Cents ($2,138.24)**.

When calculating an award of reasonable fees and costs under Fed. R. Civ. P. 37, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009), citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has identified twelve factors to consider when making this determination, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)). In the context of an isolated discovery dispute, factors 1, 2, 3, 5, 9, and 12 are most germane to the analysis.

### Calculation of Hourly Rate

Defendant requests hourly rates of $225.00 for partners and $175.00 for associates, arguing that such hourly rates are consistent with those charged in the community for general insurance defense litigation. Defendant supplies affidavits from two well-respected lawyers practicing in local litigation law firms who verify that the hourly rates requested by Defendant are indeed comparable to those charged for similar services in the Southern District of West Virginia. Notably, Plaintiff does not dispute the reasonableness of the hourly rates. The undersigned finds that the hourly rates requested

by Defendant are reasonable for the type of work performed (general litigation); the skill required to perform the services rendered (pursuing discovery responses and seeking sanctions for a failure to comply with the discovery rules); the customary fee for such work; and the experience, reputation, and ability of the Defendant's attorneys.

### Calculation of Hours

Having determined the reasonable hourly rates in this case, the undersigned next examines the reasonableness of the number of hours claimed by Defendant. Federal Rule of Civil Procedure 37(b)(2)(C) allows the court to award reasonable expenses, including attorney's fees, that were "caused by" the disobedient party's failure to comply with a discovery order. Here, Defendant has included only the time incurred in drafting a motion for sanctions, reviewing Plaintiff's response to the motion, drafting a reply memorandum, and preparing and arguing the motion for sanctions to the Court. These tasks were clearly "caused by" Plaintiff's failure to respond to discovery and make disclosures. Therefore, Defendant is entitled to reimbursement for the costs incurred in performing the tasks, and the undersigned finds that the number of hours attributed to them is reasonable. In addition, Defendant seeks $58.24 for travel expenses from Charleston to Huntington, which again, is within a reasonable range. Accordingly, Defendant is entitled to the full amount of fees and costs requested.

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** April 23, 2014

Cheryl A. Eifert
United States Magistrate Judge

3